IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ERNEST CRAIG KEITH**                                                                                  **PLAINTIFF**

v.                                                                             CIVIL ACTION NO. 2:24-cv-127-KS-MTP

**COMMISSIONER OF SOCIAL SECURITY**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to comply with the Court's orders and failure to prosecute this action.

On August 20, 2024, Plaintiff Ernest Craig Keith filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security Administration. On August 22, 2024, the Court entered a Scheduling Order [4] directing Plaintiff to file a memorandum brief setting forth all errors which he contends entitle him to relief within 30 days after Defendant files the administrative record. Defendant filed the Administrative Record [10] on October 21, 2024. Thus, Plaintiff's memorandum brief was due November 20, 2024. Plaintiff did not file a timely memorandum brief as ordered.[1]

Thus, on December 3, 2024, the Court entered an Order to Show Cause [12] directing Plaintiff to explain why this case should not be dismissed for his failure to file a memorandum brief or, alternatively, file a memorandum brief by December 17, 2024. Plaintiff, via *ore tenus* motion, sought a modest extension of time to file a response, and the Court granted Plaintiff until December 20, 2024, to file a response. *See* December 17, 2024, Text Only Order.

---

[1] The Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on October 30, 2024, and even if the 30-day deadline to file a memorandum brief is counted from entry of the Order [11] granting Plaintiff leave to proceed IFP, Plaintiff failed to file a timely memorandum brief.

1

Plaintiff did not file a response by December 20, 2024, but instead, filed a Response [13], along with a memorandum brief ([13] at 2-8) in support of his claims, on December 27, 2024. The memorandum brief, however, was prepared and signed by Chadd Lee Griffin, a non-attorney.

The Court informed Plaintiff that in federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a non-attorney. *See* Order [14].[2] The Court struck the memorandum brief prepared and signed by Chadd Lee Griffin and directed Plaintiff to file a memorandum brief on or before January 16, 2025. *See* Order [14].

On January 16, 2025, Plaintiff—despite the Court's instruction that he cannot be represented by a non-attorney—submitted a Motion for Extension [15] prepared and signed by non-attorney Chadd Lee Griffin. The Court again noted that Griffin cannot represent Plaintiff in this action and struck the Motion [15]. *See* Order [16].

The Court informed Plaintiff that he remains out of compliance with this Court's Orders[3] and that "Plaintiff—acting *pro se* or through an **attorney** of record—must file a memorandum brief." *Id*. The Court then granted Plaintiff "a final extension of time to do so" *Id*. The Court ordered Plaintiff to file a memorandum brief setting forth all errors which he contends entitled him to relief on or before January 31, 2025. *Id*. To date, Plaintiff has not filed a memorandum brief.

Plaintiff's initial deadline to file a memorandum brief was November 20, 2024, and now—more than two month later—Plaintiff has still not filed his memorandum brief.

---

[2] The Court cited 42 U.S.C. §§ 405(g) & 406(a); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Iannaccone v. L.*, 142 F.3d 553, 558-59(2d Cir. 1998); *Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000).

[3] Plaintiff has repeatedly failed to file a memorandum brief as ordered by the Court. *See* Orders [4] [12] [14] [16].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the petitioner's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Martin v. Pearson*, 405 Fed. App'x 859, 860 (5th Cir. 2010) (citing Rule 41(b) and affirming the dismissal of a § 2241 habeas action where the petitioner failed to comply with the district court's order). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 6th day of February, 2025.

s/ Michael T. Parker
United States Magistrate Judge
